UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

      v.                              Criminal No.  16-cr-21-JL

Suzanne Brown

### Summary Order

After filing a petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651, Suzanne Brown moves to have court-appointed counsel represent her to litigate the petition. There is no right to counsel in post-conviction proceedings, including proceedings to address a petition for a writ of coram nobis.[1] *Garza v. Idaho*, 586 U.S. 232, 245 (2019); *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *Adeleke v. United State*, 550 F. App'x 237, 239 (5th Cir. 2013); *Johnson v. Parris*, No. 18-cv-204, 2021 WL 1232774, at *42 (E.D. Tenn. Apr. 1, 2021); *see also DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) ("There is no absolute constitutional right to a free lawyer in a civil case."). Whether to appoint or recruit counsel in a coram nobis proceeding is left to the court's discretion. *United States v. Aviles*, 380 F. App'x 830, 831 (11th Cir. 2010).

---

[1] "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013); *see also United States v. Gonzalez*, No. 00-032-WES, 2024 WL 4882699, at *2 (D.R.I. Nov. 25, 2024).

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."[2] The court normally appoints counsel only if an unrepresented party is indigent and exceptional circumstances exist so that "denial of counsel will result in a fundamental unfairness impinging on [the indigent party's] due process rights." *DesRosiers* 949 F.2d at 23. Brown has made neither showing here.

Brown was represented by court-appointed counsel for purposes of her criminal case (*United States v. Brown* 16-cr-21) and her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (*Brown v. United States*, 20-cv-170-JL), based on the financial affidavits that she submitted for that purpose in 2016 and 2020. She has not provided a financial affidavit to show that she is indigent or unable to afford counsel in support of her coram nobis petition. As the government points out, Brown provided an exhibit in support of her coram nobis petition that shows she received an award from the United States Department of Agriculture in July or August 2024 in the amount of $41,960.00.[3] In her reply, Brown contends that she reserved that money for her business and that she has already spent most of it, so the money is no longer available for her to retain counsel. Regardless, Brown has not established with a current financial affidavit

---

[2] 18 U.S.C. § 3006A(a)(2)(B) provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." By its terms, § 3006A does not apply to a petition for a writ of coram nobis. *See United States v. Mattocks*, No. 22-3008, 2023 WL 1769950, at *1 (D.C. Cir. Feb. 6, 2023).

[3] This court cannot determine from Brown's filings what the lawful or appropriate uses of those funds may be or whether they are properly considered to determine eligibility for court-appointed counsel.

that she is unable to afford counsel for purposes of litigating her petition for a writ of coram nobis. Even if Brown could demonstrate indigency, however, she has not demonstrated exceptional circumstances.

"To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." *DesRosiers*, 949 F.2d at 23. In support of her petition, Brown argues that she was falsely accused and wrongly convicted on 12 counts of making false statements in violation of 18 U.S.C. § 1001, that the award she received from the USDA is new evidence that supports her claim of wrongful conviction, and that the United States Supreme Court's recent decision, *Loper Bright Enterprises v. Raimond*, 603 U.S. 369 (2024), requires that her conviction be vacated. After considering all of the circumstances presented, the court is not persuaded that failure to recruit counsel to represent Brown would result in an infringement on her due process rights.

## Conclusion

For these reasons, Brown's motion for appointed counsel (doc. no. 154) is denied.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated:  March 7, 2025

cc:     Suzanne Brown, pro se
        Counsel of record

3